a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JACK BENJAMIN HESSIANI #69562-112, Petitioner | CIVIL DOCKET NO. 1:24-CV-01525 SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| WARDEN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Jack Benjamin Hessiani ("Hessiani"). Hessiani is imprisoned at the Federal Correctional Institution in Pollock Louisiana. He challenges a disciplinary conviction.

Because Hessiani is not entitled to habeas relief, the Petition should be DENIED and DISMISSED WITH PREJUDICE.

I. **Background**

Hessiani was convicted of a disciplinary infraction for refusing an order, and he was sanctioned to 30 days loss of email privileges. ECF No. 1-2 at 1; 9 at 1. Hessiani alleges that he sought review through the administrative remedy process but received no response to his grievances or appeals at any level. ECF No. 1 at 2-6.

II. <u>Law and Analysis</u>

The First Step Act ("FSA") authorizes the BOP to grant time credits to eligible inmates. 18 U.S.C. § 3624(g). Calculation of time credits lies within the discretion of the BOP. *See* 18 U.S.C. § 3624(b). "An eligible inmate . . . may earn FSA Time Credit if he or she is successfully participating in EBRR [Evidence-Based Recidivism Reduction] programs or PAs [Productive Activities] that the [BOP] has recommended based on the inmate's individualized risk and needs assessment on or after January 15, 2020." 28 C.F.R. §§ 523.42(b)(2)-(3) (emphases added). Assuming an inmate meets the criteria and has a term of supervised release to serve, the BOP has authority to: (1) transfer an inmate to prerelease custody, which includes placement in a residential reentry center or home confinement; or (2) apply the credits to transfer the inmate to supervised release up to 12 months early. *See* 18 U.S.C. § 3624(g)(2), (3); 28 C.F.R. § 523.44(b), (d).

To prevail under § 2241, a petitioner must establish that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In a habeas challenge to a disciplinary proceeding, an inmate must establish that the punishment intrudes on a liberty interest protected by the Constitution or some other law. *See Orellana v. Kyle*, 65 F.3d 29, 31–32 (5th Cir. 1995) (citing *Sandin v. Conner*, 115 S.Ct. 2293 (1995)). "The Supreme Court has never 'recognized habeas as an available remedy [if] the relief sought would neither require immediate or accelerated release nor

reduce the level of custody.'" *Falcetta v. Rosalez*, 2024 WL 890124, at *2 (citation omitted).

Hessiani asks for expungement of his disciplinary conviction, for which he was sanctioned with the loss of email privileges. However, the loss of email privileges does not affect the length of Hessiani's confinement, and does not implicate a protected liberty interest. *See Madison v. Parker*, 104 F. 3d 765, 768 (5th Cir. 1997).

Hessiani also asserts that, although he lost no good time credits, the disciplinary conviction makes him ineligible for certain credit under the First Step Act. ECF No. 9. Thus, he implies a liberty interest in earning First Step Act credits. Courts that have considered the issue have routinely found that federal inmates do not have a liberty interest in receiving credits under the First Step Act. *See Fontanez v. Rardin*, 2:23-cv-12415, 2024 WL 1776338, at *3 (E.D. Mich. 2024) (collecting cases); *see also Richman v. Graham*, 9:24-CV-01635, 2024 WL 5507526, at *6 (D.S.C. 2024), *report and recommendation adopted,* 2025 WL 732316 (D.S.C. 2025)); *White v. Warden*, 22-CV-2371, 2023 WL 4867562, at *10 (D. Md. 2023); *Gant v. King*, 23-CV-1766, 2023 WL 6910771, at *3 (D. Minn. 2023).

Furthermore, success on the merits of Hessiani's § 2241 Petition would not entitle him to a speedier release from custody. The First Step Act grants the BOP discretion to determine the placement of inmates who have earned enough credits for a sentence reduction. *See* 18 U.S.C. § 3632(d)(4)(C) ("Time credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in *prerelease custody*

3

*or supervised release.*" (emphasis added)); *see also Girven v. Smith*, No. 4:23-CV-859, 2023 WL 8606807, at *1 (N.D. Tex. 2023) (summarizing First Step Act time credits for evidence-based recidivism reduction programming); *McLean v. Rivers*, 3:23-CV-1750, 2024 WL 665858, at *2 (N.D. Tex. 2024), *report and recommendation adopted*, 2024 WL 666070 (N.D. Tex. 2024). Thus, the BOP may—but is not required to— release a prisoner to supervised release at an earlier date, not to exceed 12 months. *See* 18 U.S.C. 3624(g)(3). The BOP also has the option to simply designate the prisoner to pre-release custody, such as a residential reentry center or home confinement. *See* 18 U.S.C. § 3624(g)(2). Pre-release custody does not shorten a sentence; it is simply a change in place of confinement. Therefore, even with First Step Act credit, Hessiani would not be entitled to early release.

### III. Conclusion

Because Hessiani lost no good time credits and is not entitled to a speedier release from custody, IT IS RECOMMENDED that the Petition (ECF Nos. 1, 7, 9) be DENIED and DISMISSED WITH PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, May 13, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE